THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

NOELLIA CASTILLO                    §
                                    §
VS.                                 §                    CASE NO. 3:21-cv-215
                                    §
KROGER TEXAS, LP                    §

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOELIA CASTILLO, hereinafter referred to as Plaintiff, complaining

of KROGER TEXAS, LP, SILVESTRI INVESTMENTS INCORPORATED and HIGHLAND

SQUARE LIMITED, hereinafter referred to as Defendants, and for cause of action would

show this Honorable Court the following:

PARTIES

1.      Plaintiff is a resident citizen of Brazoria County, Texas.

2.      Defendant, KROGER TEXAS, LP, is a limited liability corporation duly

authorized to conduct business in The State of Texas, and is before this Honorable Court

having answered in State Court and removing the matter to Federal Court.

3.      Defendant, SILVESTRI INVESTMENTS INCORPORATED, is duly authorized

to conduct business in The State of Texas, and may be served through its registered agent

as follows: Dan Silvestri at 1215 Gessner Drive, Houston, TX 77055, or wherever he may

be found.

4.      Defendant, HIGHLAND SQUARE LIMITED, is a limited liability corporation

duly authorized to conduct business in The State of Texas, and may be served through its

1

registered agent as follows: Dan Silvestri at 1215 Gessner Drive, Houston, TX 77055, or

wherever he may be found.

JURISDICTION AND VENUE

5.      The matter in controversy exceeds the sum of $75,000, exclusive of costs and

interest.  However, there is no longer complete diversity of citizenship between Plaintiff and

Defendants.

a.      As stated, *supra,* this case was removed to this Court, from the 412th Judicial
District Court of Brazoria County, Texas, being Cause No. 113607-CV
therein, and bearing the same style as does this case.  This First Amended
Complaint will serve to clarify Plaintiff's claims and will place this case in
proper procedural form to allow for this Court's full and complete remand to
state court.

b.      Defendant, KROGER TEXAS, LP, having removed this case or consented
to removal, thereby voluntarily invoked this Court's jurisdiction and is properly
before the Court. Defendant does not contest jurisdiction herein. However,
Defendant, KROGER TEXAS, LP, has now identified additional parties that
have not consented to jurisdiction herein.

FACTS

6.      It has become necessary to bring this suit because of painful injuries

sustained by Plaintiff, NOELIA CASTILLO,  on June 26, 2020, at the KROGER store

located in Alvin, Texas.  On the occasion in question, your Plaintiff was an invitee on the

premises of said Defendant's store and tripped and fell on a dangerous, parking stop that

was unnecessarily placed at the premises.  Upon information and belief, Defendant failed

to adequately inspect the subject premises in a timely manner to determine if the parking

stop was misplaced, was unreasonably dangerous and further failed to adequately warn

of the dangerous tripping hazard.  As such, Plaintiff has sustained severe, painful and

disabling injuries.  The injuries and damages sustained by Plaintiff were proximately caused

by the negligence of the Defendants, KROGER TEXAS, LP, SILVESTRI INVESTMENTS

and HIGHLAND SQUARE LIMITED.

## NEGLIGENCE OF DEFENDANT
## KROGER TEXAS, LP

7.     The incident made the basis of this suit resulted from the negligence of the

Defendant SAM'S EAST, INC. in one or more of the following particulars:

     A.     In failing to properly and adequately maintain the premises in question;

     B.     In failing to properly and adequately inspect the premises in question;

     C.     In failing to properly warn customers and prospective customers of dangerous conditions existing at or near the location in question made the basis of this lawsuit;

     D.     In failing to have an adequate system for the inspection of the location in question made the basis of this lawsuit;

8.     Each and all of the above and foregoing acts, both of omission and

commission, were negligent and constituted negligence, and each and all were a proximate

cause of the accident made the basis of this lawsuit, and the damages and injuries suffered

by your Plaintiff.

## NEGLIGENCE OF DEFENDANT
## SILVESTRI INVESTMENTS

9.     The incident made the basis of this suit resulted from the negligence of the

Defendant SILVESTRI INVESTMENTS in one or more of the following particulars:

     A.     In failing to properly and adequately maintain the premises in question;

B.    In failing to properly and adequately inspect the premises in question;

C.    In failing to properly warn customers and prospective customers of dangerous conditions existing at or near the location in question made the basis of this lawsuit;

D.    In failing to have an adequate system for the inspection of the location in question made the basis of this lawsuit;

10.    Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate cause of the accident made the basis of this lawsuit, and the damages and injuries suffered by your Plaintiff.

## NEGLIGENCE OF DEFENDANT
## HIGHLAND SQUARE LIMITED

11.    The incident made the basis of this suit resulted from the negligence of the Defendant HIGHLAND SQUARE LIMITED in one or more of the following particulars:

A.    In failing to properly and adequately maintain the premises in question;

B.    In failing to properly and adequately inspect the premises in question;

C.    In failing to properly warn customers and prospective customers of dangerous conditions existing at or near the location in question made the basis of this lawsuit;

D.    In failing to have an adequate system for the inspection of the location in question made the basis of this lawsuit;

12.    Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate

4

cause of the accident made the basis of this lawsuit, and the damages and injuries suffered by your Plaintiff.

DAMAGES OF PLAINTIFF NOELIA CASTILLO

13.     At the time of the accident made the basis of this suit, Plaintiff, NOELIA CASTILLO was 69 years of age.  As a direct and proximate result of Defendants' negligence, your Plaintiff, NOELIA CASTILLO has sustained mental and physical pain and suffering, mental anguish, physical impairment, disfigurement, loss of earnings and loss of earning capacity in the future, loss of household services and loss of capacity to perform household services, all of which are in reasonable probability permanent.  From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

A.     The physical pain that Plaintiff, NOELIA CASTILLO, has suffered from the date of the incident in question up to the time of trial.

B.     The mental anguish that your Plaintiff, NOELIA CASTILLO, has suffered from the date of the incident in question up to the time of trial.

C.     The damages resulting from the physical impairment suffered by your Plaintiff, NOELIA CASTILLO, and the resulting inability to do those tasks and services that your Plaintiff ordinarily would have been able to perform.

D.     The disfigurement which your Plaintiff, NOELIA CASTILLO, has suffered from the date of the incident in question up to the time of trial.

E.     The loss of any earnings sustained by NOELIA CASTILLO from the date of the incident in question up to the time of trial.

14.     From the time of trial of this case, the elements of damages to be considered which Plaintiff, NOELIA CASTILLO, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

A.      The physical pain that Plaintiff, NOELIA CASTILLO, will suffer in the future beyond the time of trial.

B.      The mental anguish that your Plaintiff, NOELIA CASTILLO, will suffer in the future beyond the time of trial.

C.      The damages resulting from the physical impairment that Plaintiff, NOELIA CASTILLO, will continue to suffer in the future and the resulting inability to do those tasks and services that your Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

D.      The disfigurement which your Plaintiff, NOELIA CASTILLO, will suffer in the future beyond the time of trial.

E.      The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

Because of all of the above and foregoing, Plaintiff has been damaged and will be damaged, in a sum within the jurisdictional limits of the Court.

MEDICAL DAMAGES OF NOELIA CASTILLO

15.     Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff here now sues for an

6

additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

## MISCELLANEOUS

16.     NOELIA CASTILLO respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## PREJUDGMENT INTEREST

17.     In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## JURY DEMAND

18.     Pursuant to Fed. R. Civ. P. 38(a) and (b)(1), Plaintiff hereby respectfully, timely demands a trial by jury as guaranteed to him by the Seventh Amendment. Pursuant to Fed. R. Civ. P. 38©, Plaintiff demands a jury trial of her liability and damages claims against Defendants as well as any affirmative defenses said Defendants may assert in regard thereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiff NOELIA CASTILLO prays that Defendants be cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiff recover of and from the Defendants:

(a)     a sum within the jurisdictional limits of this Court that exceeds $250,000.00 but is not more than $1,000,000.00.

(b)     an additional sum within the jurisdictional limits of this Court for past and future medical, drug and hospital services;

(c)     prejudgment interest;

(d)     costs of Court; and

7

(e)      such other and further relief, at law and in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

By: ___*/s/ Jeffrey N. Todd*_____
       Jeffrey N. Todd
       Federal Bar No. 1308

ATTORNEYS IN CHARGE FOR PLAINTIFF

OF COUNSEL:

THE TODD LAW GROUP, PLLC
12929 Gulf Freeway, Suite 301
Houston, Texas
832-243-4953
Fax #844-LAW-JEFF

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record, on this 10TH day of December, 2021.

**Adraon D. Greene**
**Juvie C. Cardenas**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
**1301 McKinney, Suite 1400**
**Houston, Texas 77010**
**713 599-0777 Facsimile**
**agreene@gallowaylawfirm.com**
**jcardenas@gallowaylawfirm.com**
**CM/RRR, Facsimile, Efile and/or Email**

___*/s/ Jeffrey N. Todd*_____
Jeffrey N. Todd

8